HEZEKIAH HUNTINGTON *against* DAVID TODD.

WRIT of error.

This was an action of *assumpsit* by *Huntington* against *Todd*, before *Thaddeus Leavitt*, Esq. justice of peace, declaring, that in *October*, 1799, and *November*, 1799, the plaintiff, *in behalf of the defendant, and for his use and benefit*, delivered two writs in favour of the defendant, against *Elijah Granger*, to *Elihu Kent*, a constable, to serve and return; and being duly served, *Kent* charged his fees to the plaintiff; which was wholly unknown to the plaintiff, until *May*, 1806; and the same was never settled by *Todd* with *Kent*, nor the plaintiff, nor ever charged upon book by the plaintiff to the defendant, nor ever released by the plaintiff; and the plaintiff was by law holden to pay the same to *Kent*, with interest. And on the 30th of *May*, 1806, the same was demanded by *Kent*, and then paid by the plaintiff, to the amount of 7 dollars and 15 cents. And on the 20th of *June* next, the plaintiff gave notice to the defendant thereof, who thus became liable to pay the same to the plaintiff; and being so liable, *assumed and promised to pay, &c.*

The case was tried upon the general issue. Judgment for the plaintiff. The defendant appealed; and at the county court pleaded in bar, that the plaintiff, as his t-torney, instituted the suits, and delivered the writs to the officer; and that on the 29th of *October*, 1803, the plaintiff rendered his account, and the plaintiff and defendant then settled all book accounts, and the plaintiff gave to the defendant at that time a receipt, in which he acknowledged that "*all book accounts*" (between them) "*were settled and satisfied.*"

*Margin note:* After judgment in an action of *assumpsit*, the promise alleged may be considered as an express or even a written promise.

That *H.* being liable to pay the debt of *T.* did pay it, is a good consideration to support a promise by *T.* to repay *H.*

To this plea the plaintiff demurred.

The county court adjudged the plea sufficient; and a writ of error being brought, their judgment was affirmed in the superior court.

*Daggett*, for the plaintiff.

1. The money paid by the plaintiff to *Kent* was not necessarily a book debt charge. Money paid by one for another may be a proper charge on book, but is not necessarily so, and cannot now be presumed to have been so. The plea, therefore, is no answer to the plaintiff's claim.

2. This charge was not included in the settlement made. If it was not necessarily a charge on book, it was not necessarily included in the settlement; and the defendant must show that it was included. "All book accounts were settled;" but this was not then a book account of the plaintiff. The right of an attorney to charge the plaintiff with the service of a writ does not arise *eo instanti* he delivers a writ to an officer; for the officer has a right to charge the service either to the plaintiff or the attorney who delivers it. *Huntington*, therefore, could not properly charge *Todd* until he had paid *Kent*, or knew that *Todd* had not paid *Kent*, and that *Kent* had charged him. It is averred, that he did not know of this charge by *Kent* to him until after the settlement with *Todd;* and if the propriety of his charge depended upon his knowledge of *Kent's*, the want of that knowledge may with propriety be alleged in his declaration.

Again: as *Huntington* did not exhibit this charge, in the account presented at the time of the settlement, the release applies to those articles only, which are mentioned in the account. It has been decided, that even a

judgment in an action of *assumpsit* will not be a bar to a claim, which might have been given in evidence, if the claim was not actually made. *Seddon* v. *Tutop*, 6 *Term Rep.* 607.

3. But the promise stated in this declaration must now be taken as an express promise. *Atkins* v. *Hill, Cowp.* 284. *Alexandria Ins. Co.* v. *Young*, 1 *Cranch*, 341.

[Mr. *Daggett* was informed from the bench, that this point had been too often settled, to need support.]

It is said, there is no request stated on the part of the defendant; but it is alleged to have been done *for his use and benefit*. The plaintiff, therefore, has suffered *an injury*, for *the benefit* of the defendant; and a consideration may arise either by an act done by one party for the benefit of the other, or by doing, or permitting somewhat to be done, to the prejudice or loss of one of the parties. *Pow. on Cont.* 342. 344. The consideration here stated would have been a good one, had the claim been barred by the statute of limitations; for an equitable, as well as legal obligation, is a sufficient consideration for a promise. *Hawker* v. *Saunders, Cowp.* 290. And a mistake in a settlement would be a sufficient consideration to support a promise, although the fact of a mistake might not be sufficient to imply a promise.

*Bradley*, for the defendant.

1. There is no consideration for the promise. The declaration does not state that the defendant employed the plaintiff to do this service, or that he knew that it was done, until years afterwards. The plaintiff has done an injury for which an action would lie against him; and the act can, therefore, form no good consider-

ation for a promise. Were it a benefit to the plaintiff, it must have been done at *his request*, or no action would lie. And a subsequent promise will not aid it, because the consideration is *past*.

It may be said, the promise may have been *in writing*; but if this is to supply the want of consideration, then it should be alleged in the declaration to have been in writing. The plaintiff must not only show that he may possibly have a cause of action, but it is indispensable that a good cause of action be particularly stated.

In cases under the statute of frauds, the plaintiff always states a sufficient consideration, and the defendant shows that it is not in writing. Here, it is neither shown that there was a good consideration, nor that the contract was in writing. But a written contract, without consideration, (unless under seal,) will not support an action. *Roberts on Frauds*, 8. *Rann* v. *Hughes*, 7 *Term Rep.* 350. *in notis.*

2. The facts in the plea show, that the plaintiff has no cause of action; at least, cannot maintain this action. The plea alleges, that the defendant employed the plaintiff as an attorney to draw those writs, and procure them to be served; when done, the defendant owed him for it, and owed him on book, because they were proper articles of book debt charge. When then the defendant settled and satisfied the plaintiff's book account, he settled these articles of book. This writing is a release of the account, and consequently of every article of account. *Brace* v. *Catlin*, 1 *Day*, 275. The statute of limitations of book accounts may be pleaded to any action other than book debt, brought after six years, which are proper subjects of book debt charge; and certainly a release of the whole account must be a release of each article

of it. It is, indeed, stated in the declaration, that at the time of the settlement, the plaintiff did not know of this charge by *Kent* to him. The plaintiff is to state his cause of action, but not anticipate the defence. This is an averment which cannot be traversed; it is an averment of a negative, and of what must be in the knowledge of the plaintiff only; an averment, therefore, which he could not make.

If this is claimed as a mistake in a settlement, the plaintiff must resort to a special action on the case, and cannot maintain this action. *Hart* v. *Smith*, *Kirby*, 127. *State* v. *Lawrence*, 1 *Root*, 397.

BY THE COURT. The court cannot consider the promise laid in the declaration as dependent on implication of law, but it may be considered as an express, or even a written contract. If the consideration is sufficient to support an express written contract, the declaration is good. The plaintiff alleges the payment of money, which he became liable to pay on account of the defendant, and which it was the proper debt and duty of the defendant to pay. This is a good consideration for an express promise.

Judgment reversed.

☞ The court ordered the cause to be remanded to the superior court, and the rule of damages to be the costs paid in the *two* courts below, exclusive, however, of officers' fees upon the executions.